UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1376-RT (KK) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Darla Ray Jones v. D. K. Johnson | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| n/a | n/a | |

**Proceedings:**   (In Chambers) Order Denying Petitioner's Motion for a Stay or Abeyance [Dkt. 21] and Request to Amend Record and Motion to Reverse and Vacate Conviction [Dkt. 29] and Denying Respondent's Request to Vacate Order Requiring Response to Petition [Dkt. 25]

Petitioner Darla Ray Jones, a California state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") in this Court, pursuant to 28 U.S.C. § 2254. On April 8, 2015 and May 8, 2015, Petitioner filed (1) a Motion for Stay or Abeyance and (2) a Request to Amend the Record and Motion to Reverse and Vacate Conviction, respectively. On April 24, 2015, Respondent D. K. Johnson filed an Opposition to Petitioner's Motion for a stay and Request to Vacate Order Requiring Response to Petition, requesting that the Court deny Petitioner's Motion and dismiss the Petition. For the reasons set forth below, the Court denies Petitioner's Motions and Respondent's request for dismissal of the Petition.

# I.
# PROCEDURAL BACKGROUND

On March 4, 2013, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of the following offenses: (1) two counts of assault with a firearm, in violation of California Penal Code section 245(a)(2); and (2) criminal threats, in violation of California Penal Code section 422(a). Pet. at 2.

On November 24, 2014, the California Court of Appeal affirmed Petitioner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1376-RT (KK) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Darla Ray Jones v. D. K. Johnson | | |

convictions in a reasoned decision on direct appeal. Lodged Document[1] ("Lodg.") No. 1.

On December 31, 2014, Petitioner filed a Petition for Review of the California Court of Appeal's decision in the California Supreme Court, raising two claims: (1) prosecutorial misconduct; and (2) ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator. Lodg. No. 2. On February 11, 2015, the California Supreme Court summarily denied the Petition for Review.[2] Lodg. No. 3.

On February 26, 2015, Petitioner filed the instant Petition in this Court. (ECF Docket No. ("dkt.") 1). In the Petition, Petitioner asserts the same two claims raised in her Petition for Review before the California Supreme Court. (Id.). On March 2, 2015, the Court ordered Respondent to file a response to the Petition. (Dkt. 9).

On March 23, 2015, after filing the instant Petition, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. Lodg. No. 4. In the petition, Petitioner raised a new ineffective assistance of counsel claim based on newly-discovered evidence that her trial counsel had an actual conflict of interest with Petitioner during the trial court proceedings. See id. On April 9, 2015, the California Court of Appeal ordered Respondent to file an opposition to the petition by May 8, 2015. Lodg. No. 5.

On April 8, 2015, Petitioner filed a Motion for Stay or Abeyance, requesting the Court stay this action pending resolution of her petition for a writ of habeas corpus in the California Court of Appeal.[3] (Dkt. 21). On April 24, 2015, Respondent filed an Opposition to the Motion and Request to Vacate Order Requiring Response to Petition, contending the Petition should be dismissed without prejudice because of Petitioner's pending petition in the California Court of Appeal. (Dkt. 25). On May 6, 2015,

---

[1] The Court's citations to lodged documents refer to the documents relating to Petitioner's state court proceedings Respondent has lodged in this Court. (ECF Docket No. 26).

[2] According to Respondent, Petitioner appears to have subsequently filed state habeas petitions in the Los Angeles County Superior Court and the California Court of Appeal. Opp. at 1 n.1. These petitions are irrelevant to the Court's analysis.

[3] In the Motion, Petitioner does not specify whether she is requesting a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1376-RT (KK) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Darla Ray Jones v. D. K. Johnson | | |

Petitioner filed a Reply to Respondent's Opposition. (Dkt. 27).

On May 8, 2015, Petitioner filed a Request to Amend the Record and Motion to Reverse and Vacate Conviction, raising a variety of additional claims in support of her request for habeas relief. (Dkt. 29).

## II.
## DISCUSSION

**A.   Petitioner's Motion for Stay or Abeyance is Denied**

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines v. Weber, a district court has discretion to stay a mixed federal habeas petition to allow a petitioner time to present her unexhausted claims to state courts. 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). This "stay and abeyance" procedure is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

Under Kelly v. Small, a district court may stay a mixed federal habeas petition under a different procedure. 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Under Kelly, if a petitioner dismisses a mixed petition's unexhausted claims, the district court may stay the petition's remaining exhausted claims to allow the petitioner time to exhaust the unexhausted claims in state court. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1376-RT (KK) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Darla Ray Jones v. D. K. Johnson | | |

Here, the instant Petition is not mixed because both of the claims in the Petition have been exhausted. A stay under either Rhines or Kelly is thus unwarranted here. Moreover, in her Motion for a stay, Petitioner does not request that the Petition be amended to include any unexhausted claims. Rather, Petitioner merely indicates that if her ineffective assistance of counsel claim predicated on newly-discovered evidence is rejected by the California Court of Appeal, she "would want to amend" the instant Petition to include this claim. Mot. for Stay at 5. Petitioner's Request to Amend the Record and Motion to Reverse and Vacate Conviction also does not appear to seek to amend the instant Petition to include any unexhausted claims. Hence, because the instant Petition does not contain any unexhausted claims and Petitioner does not appear to request it be amended to include unexhausted claims, Petitioner's Motion for a stay must be denied.

**B.      Petitioner's Request to Amend the Record and Motion to Reverse and Vacate Conviction is Denied**

In her Request to Amend the Record and Motion to Reverse and Vacate Conviction, Petitioner appears to raise a number of grounds for habeas relief, including a freestanding innocence claim, ineffective assistance of counsel, and prosecutorial misconduct. It is unclear whether Petitioner seeks to amend the instant Petition to include these claims. Accordingly, Petitioner's Request to Amend the Record and Motion to Reverse and Vacate Conviction is denied.

If Petitioner wishes to amend the instant Petition to include additional claims, she must file: (1) a motion requesting the Court's leave to file an amended petition; and (2) a proposed amended petition including *all* claims she wishes to assert on federal habeas review. The amended petition should reflect the same case number; be clearly labeled "First Amended Petition"; and be complete in and of itself without reference to the original Petition, or any other pleading, attachment or document.

///
///

**C.      Respondent's Request to Vacate Order Requiring Response to Petition is Denied**

In her Opposition to Petitioner's Motion for a stay and Request to Vacate Order Requiring Response to Petition, Respondent contends the instant Petition must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1376-RT (KK) | Date | June 19, 2015 |
|---|---|---|---|
| Title | Darla Ray Jones v. D. K. Johnson | | |

dismissed because of Petitioner's pending state habeas petition in the California Court of Appeal. Opp. at 2-4. In support, Respondent cites Sherwood v. Tomkins, 716 F.2d 632 (9th Cir. 1983). In Sherwood, the Ninth Circuit held a federal habeas petition must be denied as premature if the petitioner's state appeal is still pending. 716 F.2d at 634.

Respondent's argument that Sherwood requires the Petition's dismissal is meritless. The Ninth Circuit has held Sherwood only "stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013). Sherwood does not apply where, as here, Petitioner merely has a habeas petition pending in state court. Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (June 24, 2014) (holding Sherwood did not require dismissal of a federal habeas petition because of a pending state habeas petition). Accordingly, Respondent's request that the Petition be dismissed is denied.

### III.
### CONCLUSION

Accordingly, it is ORDERED that:

1. Petitioner's Motion for a Stay or Abeyance and Request to Amend the Record and Motion to Reverse and Vacate Conviction are **DENIED**.

2. Respondent's Request to Vacate Order Requiring Response to Petition is **DENIED**;

3. Respondent is instructed to file a responsive pleading to the Petition by **July 19, 2015**.