UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-1376-RT (KK) | Date: | October 27, 2016 |
| Title: | *Darla Ray Jones v. D.K. Johnson* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed For Failure to Exhaust

## I.
## INTRODUCTION

On July 9, 2015, Petitioner, an inmate at California Central Women's Facility proceeding pro se, constructively filed[1] a First Amended Petition pursuant to Title 28 of the United States Code, section 2254 ("FAP"). See ECF Docket No. ("dkt.") 42, FAP. Petitioner challenges her 2013 convictions in the Los Angeles County Superior Court for assault with a firearm and criminal threats. Id.; Lodgment No. ("Lodg.") 1, Cal. Ct. App. Nov. 24, 2014 Opinion.[2]

On August 25, 2015, the Court granted Petitioner's motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay"). Dkt. 41. On October 18, 2016, Petitioner constructively filed Motions to (a) lift the stay, dkt. 47; (b) amend "newly discovered evidence," dkt. 48; and (c) amend "on proof aliunde," dkt. 49. On

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] The Court's citations to lodgments refer to the documents lodged by Respondent in support of the Opposition to Petitioner's Motion for Stay. Dkt. 26, Not.

October 27, 2016, the Court granted Petitioner's Motion to Lift the Stay and reopened the case. Dkt. 50.

The FAP sets forth ten grounds for habeas relief. See FAP. As discussed below, it is unclear whether any of the claims set forth in the FAP have been exhausted.

Therefore, the FAP appears subject to dismissal because, as indicated in the Motion to Lift the Stay, Petitioner has not exhausted her state remedies with respect to some, if not all, of her claims for relief. The Court will not make a final determination regarding whether the FAP should be dismissed, however, without giving Petitioner an opportunity to address this issue.

Accordingly, the Court hereby issues this Order to Show Cause why the FAP should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than November 28, 2016**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the FAP appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## PROCEDURAL HISTORY

On March 4, 2013, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of the following offenses: (1) two counts of assault with a firearm, in violation of California Penal Code section 245(a)(2); and (2) criminal threats, in violation of California Penal Code section 422(a). Dkt. 1, Pet. at 2; Lodg. 1.

On November 24, 2014, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal. Lodg. 1.

On December 31, 2014, Petitioner filed a petition for review in the California Supreme Court, raising two claims: (1) prosecutorial misconduct based on failure to correct false and misleading testimony; and (2) ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator. Lodg. 2. On February 11, 2015, the California Supreme Court summarily denied the Petition for Review. Lodg. 3.

On February 26, 2015, Petitioner constructively filed a Petition pursuant to Title 28 of the United States Code, section 2254 ("Petition") in this Court. Dkt. 1, Pet. In the Petition, Petitioner asserted the same two claims raised in her petition for review before the California Supreme Court. Id.

On March 23, 2015, after filing the Petition, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. Lodg. 4. In the state petition, Petitioner raised a new ineffective assistance of counsel claim based on newly-discovered evidence that her trial counsel had an actual conflict of interest with Petitioner during the trial court proceedings. See id.

On July 9, 2015, Petitioner constructively filed the instant FAP.[3] Dkt. 42. The FAP sets forth the following ten claims for relief: (1) prosecutorial misconduct based on falsifying evidence by falsely amending the information; (2) prosecutorial misconduct based on falsifying material evidence; (3) prosecutorial misconduct based on suppressing material evidence; (4) prosecutorial misconduct based on "government vouching"; (5) malicious prosecution; (6) ineffective assistance of trial counsel for failure to adequately examine witnesses ; (7) ineffective assistance of trial counsel for failure to "recuse DDA Stevenson for confrontation"; (8) ineffective assistance of trial counsel for failure to question potential witness; (9) ineffective assistance of trial counsel for failure to file motions to dismiss or for mistrial due to prosecutorial misconduct and conflict of interest; (10) ineffective assistance of appellate counsel for failure to raise all claims on appeal. Id.

On August 25, 2015, the Court granted Petitioner's motion for a Rhines stay. Dkt. 41.

On March 22, 2016, the California Court of Appeal denied the state petition in a reasoned decision. In re Jones, No. B262848, 2016 WL 1105020 (Cal. Ct. App. Mar. 22, 2016).

On March 25, 2016, Petitioner filed a petition for review in the California Supreme Court. Mot. to Lift Stay at 5. On June 15, 2016, the California Supreme Court denied review. Id.; California Courts, Appellate Courts Case Information, Docket, (Oct. 26, 2016, 12:32 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2137297&doc_no=S233426.

On June 16, 2016, Petitioner filed a petition for writ of certiorari in the United States Supreme Court. Mot. to Lift Stay at 5. On October 3, 2016, the United States Supreme Court denied the petition for writ of certiorari. Mot. to Lift Stay at 12; Jones v. California, No. 16-5180, 2016 WL 3767367 (U.S. Oct. 3, 2016).

On October 18, 2016, Petitioner constructively filed Motions to (a) lift the stay, dkt. 47; (b) amend "newly discovered evidence," dkt. 48; and (c) amend "on proof aliunde," dkt. 49. On October 27, 2016, the Court granted Petitioner's Motion to Lift the Stay and reopened the case. Dkt. 50.

## III.
## THE FAP CONTAINS UNEXHAUSTED CLAIMS AND IS SUBJECT TO DISMISSAL

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.

---

[3] On August 25, 2015, the Court granted Petitioner's Motion for Leave to File an Amended Petition and ordered the FAP filed. See dkt. 41.

Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Petitioner concedes there are claims in the FAP that have not been presented in any state court. Mot. to Lift Stay at 7. It also appears that the two claims raised in the original Petition, which were exhausted on direct appeal, were not raised in the FAP. Finally, it is unclear to the Court whether the now exhausted ineffective assistance of counsel claim based on trial counsel's conflict of interest was raised as Claim Nine in the FAP.[4] Therefore, the FAP is either wholly unexhausted, or contains only one exhausted claim, Claim Nine, and is a mixed petition. Hence, it appears the FAP is subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

Petitioner argues the Court should not dismiss the FAP because she was unable to raise any claims except for the conflict of interest claim before the state courts, because her counsel refused to litigate the remaining claims and Petitioner could not file a second habeas petition concurrently with while she was represented pursuant to state law. If this is true, it is unclear to the Court why Petitioner requested the Court to lift the stay and reopen her federal habeas action before fully exhausting her remaining claims in state court.

Petitioner also argues the claims in the FAP relate back to the exhausted claims asserted in the original Petition. The relation back doctrine allows a petitioner to amend new claims into a petition after AEDPA's limitations period expires, if the timely claims in the petition and new claims share a "common core of operative facts." King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). However, to enable a court to apply relation back, an amended petition must reassert the timely claim presented in the original petition, as well as the newly exhausted claims. See Mayle

---

[4] Petitioner's Motion to Amend "newly discovered evidence" appears to be seeking leave to file an amended petition that includes the now exhausted ineffective assistance of counsel claim, which would seem to indicate Petitioner does not believe this claim is currently included in the FAP. See dkt. 48.

<u>v. Felix</u>, 545 U.S. 644, 651, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (analyzing relation back where petitioner reasserted his timely claim from his original petition and newly exhausted claims). Here, at the moment, the problem with the FAP is that it is subject to dismissal because it contains unexhausted claims. Whether the unexhausted claims will be timely if Petitioner ultimately decides to raise them in state court is not an issue this Court needs to determine at this time.

### III.
### ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the FAP should not be dismissed for failure to exhaust state remedies by filing a written response **no later than November 28, 2016.** Petitioner must respond to this Order pursuant to one of the options listed below.

**Option 1 - Petitioner May Explain The FAP Is Fully Exhausted:** If Petitioner contends she has, in fact, exhausted her state court remedies on the grounds raised in the FAP, she should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to her response copies of any documents establishing that all grounds raised in the FAP are exhausted.

**Option 2 - Petitioner May File A Second Amended Petition:** If Petitioner wishes to amend the FAP to include the exhausted claims raised in her original Petition and the ineffective assistance of counsel claim based on trial counsel's conflict of interest, she must file a Second Amended Petition ("SAP"). Petitioner must use the form provided and write "Second Amended" above the words "Petition for Writ of Habeas Corpus." Petitioner must also write the case number (CV 15-1376-RT (KK)) in the space provided on the first page. **A blank form Petition is attached.**

The SAP will supersede all preceding petitions. After amendment, the Court will treat all preceding petitions as nonexistent. Hence, the SAP must contain all claims Petitioner intends to present and be complete without reference to the Petition, FAP, or any other pleading, attachment, or document.

The Court notes it has made no finding with respect to whether relation back would render any of Petitioner's claims timely. **In addition, Petitioner is cautioned that if the SAP contains unexhausted claims, the SAP will be subject to dismissal as a mixed petition unless the Court finds Petitioner is entitled to a <u>Rhines</u> stay, discussed below.**

**Option 3 - Petitioner May Request A Rhines Stay:** Under <u>Rhines v. Weber</u>, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present her unexhausted claims to state courts. <u>Id.</u> at 276; <u>Mena v. Long</u>, 813 F.3d 907, 908 (9th Cir. 2016) (holding the <u>Rhines</u> stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is

called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support her request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics.  See id. Petitioner should include any evidence supporting her request for a Rhines stay.

**Option 4 - Petitioner May Request A Kelly Stay:**  Petitioner may file a Motion for a Kelly Stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly stay"). Petitioner must attach to her Motion a copy of a proposed Second Amended Petition that includes only exhausted claims, which the Court will file if the Court grants Petitioner's Motion for a Kelly stay.  Petitioner may also include in the Motion a notice that, if the Court denies Petitioner's Motion for a Kelly Stay, she alternatively selects one of the other options.

Pursuant to Kelly, 315 F.3d at 1063, if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court.  Id. at 1070-71.  This is called a "Kelly stay."  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King, 564 F.3d at 1135.

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1).  "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  King, 564 F.3d at 1140-41.  After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (citations omitted).

Petitioner may request a Kelly stay and follow the three-step procedure above.  First, Petitioner must file a Second Amended Petition including only exhausted claims.  See id. at 1135.

The Court will then stay and hold in abeyance the fully exhausted Second Amended Petition and allow Petitioner the opportunity to exhaust any currently unexhausted claims in state court.  See id.

**Option 5 - Petitioner May Voluntarily Dismiss Action Without Prejudice:**  Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Title 28 of the United States Code section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Petitioner is cautioned that if she requests a stay and the Court denies the request for a stay, or if Petitioner contends that she has in fact exhausted her state court remedies on all grounds and the Court disagrees, the Court will dismiss the action for failure to exhaust state remedies.  **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for her failure to comply with court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at her current address of record.

**IT IS SO ORDERED.**