UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-1376-RT-KK | Date: | December 1, 2016 |
| Title: | *Darla Ray Jones v. D.K. Johnson* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Requiring Petitioner to File an Amended Petition [Docket No. 54]

## I.
## **INTRODUCTION**

On November 5, 2016, Petitioner Darla Ray Jones ("Petitioner"), an inmate at California Central Women's Facility proceeding pro se, constructively filed[1] a Response ("Response") to the Court's October 27, 2016 Order to show cause ("OSC") why the First Amended Petition ("FAP") should not be dismissed for failure to exhaust claims. In the Response, Petitioner includes, among other things, a proposed Second Amended Petition ("SAP") and a request for a stay or abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) to exhaust the SAP's unexhausted claims. However, as discussed below, it remains unclear to the Court whether the proposed SAP contains all of the claims Petitioner wishes to raise. Petitioner is therefore ordered to file a response, as set forth in the conclusion of this Order, no later than **December 22, 2016.**

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.
## PROCEDURAL HISTORY

On March 4, 2013, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of the following offenses: (1) two counts of assault with a firearm, in violation of California Penal Code section 245(a)(2); and (2) criminal threats, in violation of California Penal Code section 422(a). Lodgment No. ("Lodg.") 1, Cal. Ct. App. Nov. 24, 2014 Opinion.[2] On August 27, 2013, she was sentenced to 13-years in prison. Lodg. 4, Mar. 23, 2015 State Pet. at 2.

On September 19, 2013[3], Petitioner filed a notice of appeal in the California Court of Appeal, raising two claims: (1) prosecutorial misconduct based on failure to correct false and misleading testimony; and (2) ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator. Lodg. 1 Cal. Ct. App. Nov. 24, 2014 Opinion at 2.

On April 30, 2014, Petitioner filed a state petition for writ of habeas corpus in the California Court of Appeal based on the same two claims raised on direct appeal ("First State Habeas Petition"). Id.

On November 24, 2014, the California Court of Appeal (1) affirmed Petitioner's convictions in a reasoned decision on direct appeal; and (2) denied Petitioner's First State Habeas Petition. Id.

On December 31, 2014, Petitioner filed petitions for review in the California Supreme Court based on the California Court of Appeal's affirmance of Petitioner's convictions and denial of Petitioner's First State Habeas Petition. Lodg. 2, Pet. for Review. On February 11, 2015, the California Supreme Court summarily denied the petitions for review. Lodg. 3, Pet. Denial.

On February 20, 2015, Petitioner filed a second state petition for writ of habeas corpus in the California Court of Appeal ("Second State Habeas Petition"). See Footnote 3. On March 19, 2015, the California Court of Appeal summarily denied the Second State Habeas Petition. Id. The Court is unaware of the claims Petitioner raised in the Second State Habeas Petition.

On February 26, 2015, Petitioner constructively filed a petition pursuant to Title 28 of the United States Code, section 2254 ("Original Federal Petition") in this Court. Dkt. 1, Original Federal Pet. In the Original Federal Petition, Petitioner raised the same two claims she included

---

[2]   The Court's citations to lodgments refer to the documents lodged by Respondent in support of the Opposition to Petitioner's Motion for Stay. Dkt. 26, Not.

[3]   All dates related to filings and decisions by the California Court of Appeal and California Supreme Court are taken from the California Courts website. See California Courts, Appellate Courts Case Information, Docket, (Oct. 26, 2016, 12:32 PM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2103952&doc_no=B262848.

in her December 31, 2014 petitions for review before the California Supreme Court: (1) prosecutorial misconduct based on failure to correct false and misleading testimony; and (2) ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator.  Id.

On March 23, 2015, Petitioner filed a third state petition for a writ of habeas corpus in the California Court of Appeal ("Third State Habeas Petition").  Lodg. 4, Mar. 23, 2015 State Pet.  In the Third State Habeas Petition, Petitioner raised a new ineffective assistance of counsel claim based on newly-discovered evidence that her trial counsel had an actual conflict of interest with Petitioner during the trial court proceedings ("Newly-Discovered Evidence Claim").  See id.

On July 9, 2015, Petitioner constructively filed the FAP.[4]  Dkt. 42, FAP.  The FAP set forth ten claims for relief, at least nine of which Petitioner conceded were unexhausted.  Id.  Those ten claims included: (1) prosecutorial misconduct based on falsifying evidence by falsely amending the information; (2) prosecutorial misconduct based on falsifying material evidence; (3) prosecutorial misconduct based on suppressing material evidence; (4) prosecutorial misconduct based on "government vouching"; (5) malicious prosecution; (6) ineffective assistance of trial counsel for failure to adequately examine witnesses ; (7) ineffective assistance of trial counsel for failure to "recuse DDA Stevenson for confrontation"; (8) ineffective assistance of trial counsel for failure to question potential witness; (9) ineffective assistance of trial counsel for failure to file motions to dismiss or for mistrial due to prosecutorial misconduct and conflict of interest; (10) ineffective assistance of appellate counsel for failure to raise all claims on appeal.  Id.  Petitioner additionally filed a Motion for Stay or Abeyance, requesting that this action be stayed and held in abeyance pursuant to Rhines, 544 U.S. at 276, until resolution of her Newly Discovered Evidence Claim pending before the California Court of Appeal.  Dkt. 36, Mot. for Stay.

On August 25, 2015, the Court granted Petitioner's July 9, 2015 motion and issued a Rhines stay.  Dkt. 41, Order Granting Stay.  It was unclear to the Court at the time the Rhines stay was granted whether the Newly Discovered Evidence Claim was one of the claims included in the FAP.  Id. at 2.

On March 22, 2016, the California Court of Appeal denied the Third State Habeas Petition in a reasoned decision.  In re Jones, No. B262848, 2016 WL 1105020 (Cal. Ct. App. Mar. 22, 2016).

On March 25, 2016, Petitioner filed a petition for review in the California Supreme Court based on the Third State Habeas Petition.  See Footnote 3.  On June 15, 2016, the California Supreme Court denied review.  Id.

---

[4]     On August 25, 2015, the Court granted Petitioner's Motion for Leave to File an Amended Petition and ordered the FAP filed.  See dkt. 41.

On June 16, 2016, Petitioner filed a petition for writ of certiorari in the United States Supreme Court.  Dkt. 47, Mot. to Lift Stay at 5.  On October 3, 2016, the United States Supreme Court denied the petition for writ of certiorari.  Id. at 12; Jones v. California, No. 16-5180, 2016 WL 3767367 (U.S. Oct. 3, 2016).

On October 18, 2016, Petitioner constructively filed motions in this Court to (a) lift the stay, dkt. 47; (b) amend "newly discovered evidence," dkt. 48; and (c) amend "on proof aliunde," dkt. 49.  On October 27, 2016, the Court granted Petitioner's motion to lift the stay and reopened the case.  Dkt. 51, Order Lifting Stay.  The Court additionally issued an OSC why the FAP should not be dismissed for failure to exhaust claims because it appeared at least nine, and perhaps *all* of the claims in the FAP, remained unexhausted.[5]  Dkt. 50, OSC.

On October 27, 2016, Petitioner filed a "motion to amend addendum," which Petitioner requested the Court construe as a "supplemental pleading under FRCP 15(d) towards the new IAC exhausted claim."  Dkt. 52, Motion to Amend; dkt. 54, Resp. at 4.

On November 5, 2016, Petitioner filed the instant Response to the Court's OSC.  Resp.  The Response includes a proposed SAP, which lists the following four claims: (1) ineffective assistance of trial counsel due to a conflict of interest; (2) prejudicial error due to the state's suppression of trial counsel's conflict of interest; (3) prejudicial error for failure to have Petitioner present at all critical stages of prosecution; and (4) appellate court's decision was contrary to facts and evidence presented.  SAP at 5-6.

### III.
### DISCUSSION

Based on the proceedings above, it appears Petitioner has a total of three exhausted claims.  They include the following:

1. Prosecutorial misconduct based on failure to correct false and misleading testimony;
2. Ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator; and
3. Ineffective assistance of counsel due to trial counsel's actual conflict of interest with Petitioner during trial court proceedings (Newly Discovered Evidence Claim).

The Court notes that, although the first two claims are exhausted, Petitioner has not included them in any of her recent federal habeas petitions.  If Petitioner wishes to raise these exhausted claims, she must include them in a Third Amended Petition ("TAP").

---

[5]     Despite the Court's expressed belief in its August 25, 2016 Order – that the FAP included Petitioner's Newly Discovered Evidence Claim, which was then pending before the California Court of Appeal – Petitioner denies the FAP included a claim that "pertain[s] to the Newly-Discovered Evidence" claim.  Resp. at 3.

Additionally, it is unclear to the Court how Petitioner wishes to use the information included in her October 27, 2016 "supplemental pleading." In the Response, Petitioner indicates the "supplemental pleading" should go "towards the new IAC exhausted claim." Resp. at 4. Petitioner further states, "If the court feels that my supplemental pleading is a new claim, Petitioner would like to exhaust and amend." Id. at 6. Petitioner must decide whether she intends to raise the information from her October 27, 2016 "supplemental pleading" as a new claim. If she decides to raise the information from the "supplemental pleading" as a new claim, she needs to include it in the TAP.

Lastly, in the Response, Petitioner appears to indicate the unexhausted claims in the FAP remain unexhausted. Id. at 3. However, she requests to withdraw all of the claims in the FAP except for "failure to recuse DDA Stevenson for confrontation." Id. at 4. Petitioner indicates she intends to include this claim in the proposed SAP "under conflict of interest." Id. It is unclear to the Court, however, whether this claim was actually included in the SAP.

## IV.
## CONCLUSION

While Petitioner's Response includes a request for a Rhines stay and a proposed SAP, as discussed above, the Court is unable to determine if the proposed SAP includes all claims Petitioner intends to raise. Thus, at this time, the Court will not order the SAP filed and will not vacate the OSC. Petitioner is therefore ordered to file a response to this Order electing one of the following two options:

1.    Petitioner may proceed on the SAP as currently filed. If Petitioner chooses this option, she shall file a Response clearly indicating that she wishes to proceed with only those claims set forth in the SAP.

2.    Alternatively, if Petitioner wishes to include any claims other than those currently listed in the SAP, Petitioner may file a TAP.

If Petitioner chooses to file a TAP, she must (1) state, clearly and specifically, **all claims** Petitioner intends to raise, (2) include the facts used to support each claim, and (3) indicate whether each claim is exhausted or unexhausted. Petitioner needs to list all claims and all supporting facts in one single petition without reference to any other pleading or attachment.

Petitioner must use the form provided and write "Third Amended" above the words "Petition for Writ of Habeas Corpus." Petitioner must also write the case number (CV 15-1376-RT (KK)) in the space provided on the first page. **A blank form Petition is attached.**

The TAP will supersede all preceding petitions. After amendment, the Court will treat all preceding petitions as nonexistent. **Hence, the TAP must contain all claims, both exhausted and unexhausted, Petitioner intends to present and be complete without reference to the Petition, FAP, SAP, or any other pleading, attachment, or document.**

Petitioner is ordered to file a response to this Order no later than **December 22, 2017.** The Court will address Petitioner's request for a Rhines stay upon the filing of her response to this Order.

**IT IS SO ORDERED.**