UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-1376-RT-KK | | Date: | December 19, 2016 |
|---|---|---|---|---|
| Title: | *Darla Ray Jones v. D.K. Johnson* | | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order Granting Petitioner's Request for a Stay or Abeyance  [Docket No. 54]**

On December 7, 2016, Petitioner Darla Ray Jones ("Petitioner"), an inmate at California Central Women's Facility proceeding pro se, filed a proposed Third Amended Petition and requested a stay or abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  For the reasons stated below, the Court grants Petitioner's request.

## I.
## PROCEDURAL HISTORY

On November 5, 2016, Petitioner constructively filed[1] a Response ("Response") to the Court's October 27, 2016 Order to show cause ("OSC") why the First Amended Petition ("FAP") should not be dismissed for failure to exhaust claims.  ECF Docket ("Dkt.") No. 54. In the Response, Petitioner included, among other things, a proposed Second Amended Petition ("SAP") and a request for a Rhines stay to exhaust the SAP's unexhausted claims.  Id. However, the Court was unable to determine whether the proposed SAP contained all of the claims Petitioner wished to raise.  Thus, on December 1, 2016, the Court issued an Order

---

[1]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

requiring Petitioner to inform the Court whether she wanted to proceed on the proposed SAP or, alternatively, to file a Third Amended Petition ("TAP").  Dkt. 55, Order.

On December 7, 2016, Petitioner elected to file a TAP.  Dkt. 56, TAP.  In the TAP, Petitioner raises three exhausted claims: (1) Prosecutorial misconduct based on failure to correct false and misleading testimony; (2) ineffective assistance of trial counsel based on trial counsel's failure to adequately examine the district attorney's investigator; and (3) ineffective assistance of counsel due to trial counsel's actual conflict of interest with Petitioner during trial court proceedings ("Newly-Discovered Evidence Claim").  Id. at 5-6.  Petitioner additionally raises the following four unexhausted claims: (5) the appellate court's decision was contrary to facts and evidence presented; (6) prejudicial error for failure to have Petitioner present at all critical stages of prosecution; (7) prejudicial error due to the state's suppression of trial counsel's conflict of interest; (8) ineffective assistance of trial counsel for failure to "recuse DDA Stevenson for confrontation due to his conflict of interest."  Id. at 6-8.[2]

As Petitioner has now filed an amended petition that clearly sets forth her claims, the request for a Rhines stay is ready for decision.

## II.
## DISCUSSION

### PETITIONER IS ENTITLED TO A RHINES STAY

**A.  Applicable Law**

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

---

[2]  The Court refers to the pages of the TAP as if they were consecutively paginated.

**B.**   **Analysis**

Here, the Court finds all three requirements for a stay under <u>Rhines</u> have been met.  First, the Court finds Petitioner has alleged sufficient facts showing "good cause" under <u>Rhines</u> for her prior failure to exhaust the remaining unexhausted claims.  <u>See</u> <u>Rhines</u>, 544 U.S. at 277. Petitioner alleges she has been unable to exhaust her claims because her appellate counsel "denied [her] request" to raise the claims in a supplemental pleading and because she was unable "to submit anything alongside counsel."  Dkt. 54 at 5, 7-10.  While Petitioner expressed her desire to raise additional claims, her appointed counsel strategically chose not to do so, and thus, Petitioner was precluded by California law from raising any additional claims.  <u>See</u> dkt. 54-1 at 7, 9; <u>In re Barnett</u>, 31 Cal. 4th 466, 476–77, 73 P.3d 1106, 1113 (2003) (holding a represented inmate is prohibited from personally filing <u>pro se</u> documents alongside his or her attorney). Consequently, Petitioner was precluded from raising these claims until after the judgment for her petition for writ of habeas corpus based on the Newly-Discovered Evidence Claim became final, which occurred after the United States Supreme Court denied petition for review on October 3, 2016.

Second, upon review of Petitioner's four unexhausted claims, the Court finds they are not "plainly meritless."  <u>See</u> <u>Rhines</u>, 544 U.S. at 277.  Each of Petitioner's unexhausted claims appear to at least raise a colorable federal claim, and therefore should not be precluded from review.  <u>Cassett v. Stewart</u>, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Lastly, as to the third requirement for a stay under <u>Rhines</u>, the Court finds no evidence Petitioner has engaged in abusive litigation tactics or intentional delay in trying to bring her remaining unexhausted claims.  <u>See</u> <u>Rhines</u>, 544 U.S. at 278.  Rather, Petitioner appears to be diligently pursuing her claims following each round of completed review.  Under these circumstances, the Court finds Petitioner has not engaged in abusive litigation tactics or intentional delay.  <u>See id.</u>  Thus, a stay under <u>Rhines</u> is warranted here and Petitioner's request is **GRANTED**.

**III.**
**CONCLUSION**

Accordingly, it is ORDERED that:

1.   Petitioner's Request for Stay or Abeyance is GRANTED;

2.   This action is now STAYED and the Clerk shall ADMINISTRATIVELY CLOSE it;

3.   Petitioner must, within **thirty (30) days** of the date of this Order, file a petition in state court attempting to exhaust any of the TAP's unexhausted claims, if she has not already done so;

4.  Petitioner must, within **thirty (30) days** of a final decision by the state courts on the TAP's unexhausted claims, move to reopen this action and lift the stay; and

5.  Nothing further will take place in this action unless and until Petitioner timely moves to reopen it and lift the stay.  Once the stay is lifted, the Court will issue an initial order requiring a response to the TAP from Respondent.

**IT IS SO ORDERED.**